1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10  JASON ALLEN MAGGARD,

11              Petitioner,               No. CIV S-04-2196 GEB KJM HC

12       vs.

13  THE PEOPLE OF THE STATE OF
    CALIFORNIA,
14
              Respondent.           FINDINGS AND RECOMMENDATIONS
15  _____/

16          Petitioner is a state prison inmate proceeding pro se with a petition for a writ of

17  habeas corpus under 28 U.S.C. 2254, challenging his Placer County convictions for recklessly

18  evading an officer and assault with a deadly weapon.  Respondent has filed a motion to dismiss,

19  alleging that the petitioner is "mixed" in that it includes both exhausted and unexhausted claims.

20          The exhaustion of state court remedies is a prerequisite to the granting of a

21  petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

22  be waived explicitly by respondents' counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion,

23  thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

24  _____

25          [1]  A petition may be denied on the merits without exhaustion of state court remedies when
    it is "perfectly clear that the applicant does not raise even a colorable federal claim."  28 U.S.C. §
26  2254(b)(2); Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005).

                                          1

providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

A state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court.  The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based.  Picard, 404 U.S. at 277-78.  Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made."  Anderson v. Harless, 459 U.S. 4, 6 (1982).  Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995).  Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief."  Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996).  The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).  A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Petitioner raises six claims in his petition: the trial court erred by admitting testimony of the pursuing officer concerning petitioner's mental state; the use of CALJIC No. 12.85 deprived petitioner of his right to have the jury determine every element of the offense; a more specific unanimity instruction was required because of the differing mental states in the charged offense; California Vehicle Code section 2800.2 is unconstitutional; there was insufficient evidence of intent supporting the conviction for reckless evading; and there was

2

1  insufficient evidence to support the convictions for assault with a deadly weapon.  Am. Pet.

2  at 5-6.

3          Respondent has lodged a copy of the Petition for Review filed by petitioner's state

4  appellate counsel.  It raises the two issues raised by claims one and three of the instant petition:

5  permitting the pursuing officer to describe petitioner's mental state was error, and the unanimity

6  instruction was inadequate in this case.

7          Petitioner concedes he has not exhausted claims two, four, five and six.  He agrees

8  to file an amended petition containing only exhausted claims and asks that the court stay the

9  proceedings upon filing of the amended pleading, to allow him to exhaust the remaining claims

10 in state court.[2]

11         Petitioner's request for a stay is premature, for the court cannot issue such an

12 order until the petitioner has filed a petition containing only exhausted claims.  Smith v. Ratelle,

13 323 F.3d 813, 819 (9th Cir. 2003), cert. denied sub nom. Alameida v. Smith, __ U.S. __,

14 124 S. Ct. 2904 (2004).   Moreover, a stay is not appropriate absent a showing of good cause for

15 failure to exhaust the claims in prior proceedings and of potential merit to the claims.  Rhines v.

16 Weber, __ U.S. __, 125 S. Ct. 1528, 1535 (2005).

17         Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to

18 dismiss be granted and that petitioner be permitted to file an amended petition containing only

19 exhausted claims within thirty days of the District Court's resolution of this matter, if this

20 recommendation is adopted.

21 _____

22     [2]  Petitioner is cautioned that if he chooses to proceed on an amended petition raising only
   exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any
23 other federal court.  See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at
   520-21; Rule 9(b), Rules Governing Section 2254 Cases.
24     Petitioner is further cautioned that the habeas corpus statute imposes a one year statute
   of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the
25 one year period will start to run on the date on which the state court judgment became final by
   the conclusion of direct review or the expiration of time for seeking direct review, although the
26 statute of limitations is tolled while a properly filed state application for post-conviction or other
   collateral review is pending.  28 U.S.C. § 2244(d).

1        These findings and recommendations are submitted to the United States District

2    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3    days after being served with these findings and recommendations, any party may file written

4    objections with the court and serve a copy on all parties.  Such a document should be captioned

5    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6    shall be served and filed within ten days after service of the objections.  The parties are advised

7    that failure to file objections within the specified time may waive the right to appeal the District

8    Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9    DATED:  June 21, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2/magg2196.103

4