IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON ALLEN MAGGARD,

    Petitioner,                           No. CIV S-04-2196 GEB KJM P

    vs.

JEANNE S. WOODFORD, et al.,

    Respondents.                      <u>FINDINGS AND RECOMMENDATIONS</u>

                                    /

          Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus. In his first amended petition, petitioner raised six issues: (1) the trial court erred by admitting testimony of the pursuing officer concerning petitioner's mental state; (2) the use of CALJIC No. 12.85 deprived petitioner of his right to have the jury determine every element of the offense; (3) a more specific unanimity instruction was required because of the differing mental states in the charged offense; (4) California Vehicle Code section 2800.2 is unconstitutional; (5) there was insufficient evidence of intent supporting the conviction for reckless evading; and (6) there was insufficient evidence to support the convictions for assault with a deadly weapon. Am. Pet. at 5-6. In light of respondent's motion to dismiss the petition, petitioner conceded he had exhausted only claims one and three of that petition: permitting the pursuing officer to describe petitioner's mental state was error, and the unanimity instruction was

1

inadequate. Therefore, petitioner sought to amend his petition to include only claims one and three, and to stay the amended petition pending exhaustion of the remaining claims.

In findings and recommendations issued June 22, 2005, this court found petitioner's petition to be mixed and recommended that it be dismissed and a new petition to be filed before the court could consider petitioner's request for a stay.

On November 28, 2005, the district court declined to adopt the findings and recommendations and sent the case back to this court for reconsideration in light of Rhines v. Weber, 544 U.S. 269 (2005). On May 11, 2006, petitioner filed his request, noting that he

> has sent (on two separate occasions) to the California Supreme Court for review and exhaustion the remaining issues (No. 2, 4, 5, 6). Petitioner has requested several times for a response from the California Supreme Court of the ruling on these but petitioner has not been notified of their receipt or of any ruling. Petitioner will continue to seek confirmation as well as rulings from the California Supreme Court regarding his issues 2,4,5,6.

Motion at 2. Petitioner's filing is unverified and he does not explain why he did not exhaust these claims earlier in the course of the litigation.

Respondent has opposed the request on two grounds. First, she notes that petitioner has not explained why a stay is necessary. Second, she argues that petitioner has been dilatory in seeking to exhaust his remedies. She has submitted the declaration of Jorge Navarette, Deputy Clerk and a custodian of records of the California Supreme Court, who avers that he conducted a search of the records of the Supreme Court and found that as of June 1, 2006, petitioner had not filed a petition for a writ of habeas corpus with that court. Opposition (Opp'n) 4-5 & Attach. 1.

In Rhines, the Supreme Court considered whether a mixed petition could be stayed while a habeas petitioner exhausted state remedies. The court held that a court had discretion to do so, but the stay and abeyance procedure "should be available only in limited

/////

/////

circumstances." Id. at 277.  It noted:

> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for this failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

Id. at 278.

In this case, petitioner has not shown good cause for his failure to exhaust; indeed, he has not even addressed his reasons, if any, for not earlier pursuing his state remedies. Moreover, it appears that petitioner has intentionally delayed pursuing his state remedies: according to Mr. Navarette's declaration, petitioner has not filed a state habeas petition in the California Supreme Court.[1]  Although petitioner conceded his failure to exhaust remedies in April 2005, he has not pursued those remedies.  His delay undercuts his request for a stay.

IT IS HEREBY RECOMMENDED that petitioner's request for a stay be denied and that the court proceed on the second amended petition, filed September 12, 2005, containing two exhausted claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

/////
/////
/////
/////

---

[1] The court's own check of the California Supreme Court's website reveals only the record of petitioner's direct appeal.  See < http://appellatecases.courtinfo.ca.gov> (accessed 7/07/06).

1 shall be served and filed within ten days after service of the objections. The parties are advised
2 that failure to file objections within the specified time may waive the right to appeal the District
3 Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
4 DATED: July 7, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2 magg2196.sty